# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BADGER MUTUAL INSURANCE
COMPANY,

          Plaintiff,               Case No. 1:26-cv-877

v.

SHY BLUE TACO, LLC, ERIE &
FRANKLIN CORP., CHASING PAPER,
LLC, SO CLUTCH GROUP, LLC, JOVAN
DAVISON, JOHN LONDON, DASHAWN
DANDRIDGE, TYSHUN LONDON, and
JON JOSHUA BONNER,

          Defendants.

---

Jason R. Fathallah (WI 1060040)
Amy J. Smith (WI 1095174)
HUSCH BLACKWELL LLP
Attorney for Plaintiff
511 North Broadway, Ste. 1100
Milwaukee, WI 53202
(414) 273-1000
jason.fathallah@huschblackwell.com
amy.smith@huschblackwell.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff Badger Mutual Insurance Company ("Badger"), by and through

its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as

follows:

## NATURE OF ACTION

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Badger seeks a declaration that (1) the policy of insurance Badger issued to Defendant Chasing

Paper, LLC d/b/a Blum Restaurant & Bar ("Blum") does not provide coverage to Defendants

Blum, Shy Blue Taco, LLC ("Shy Blue Taco"), Erie & Franklin Corp. ("Erie & Franklin"), or So Clutch Group LLC ("So Clutch") for the claims asserted in Cook County, Illinois Case Nos. 2023-L-010749, 2024-L-011150, and 2025-L-012495 (collectively, the "Underlying Actions") and that therefore (2) Badger has no duty to defend or indemnify Blum, Shy Blue Taco, Erie & Franklin, or So Clutch against the claims asserted in the Underlying Actions. True and accurate copies of the operative complaint in the Underlying Actions are attached hereto as Exhibit A.

## PARTIES

2.      Badger Mutual Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of Milwaukee, Milwaukee County, Wisconsin.

3.      Defendant Shy Blue Taco, LLC is an Illinois citizen and limited liability company organized under the laws of the State of Illinois, with its principal place of business located in Cook County, Illinois. Upon information and belief, all members of Shy Blue Taco, LLC are citizens of Illinois.

4.      Defendant Erie & Franklin Corp. is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in Cook County, Illinois.

5.      Defendant Chasing Paper, LLC is an Illinois citizen and limited liability company organized under the laws of the State of Illinois, with its principal place of business located in Dallas County, Texas. Upon information and belief, all members of Chasing Paper, LLC are citizens of Illinois or Texas.

6.      Defendant So Clutch Group, LLC is Texas citizen and limited liability company organized under the laws of the State of Texas, with its principal place of business located in Dallas

2

County, Texas. Upon information and belief, all members of So Clutch Group LLC are citizens of Illinois or Texas.

7.      Defendant Jovan Davison is an Illinois citizen residing in Cook County, Illinois, and is a Plaintiff in one of the Underlying Actions.

8.      Defendant John London is an Illinois citizen residing in Cook County, Illinois, and is a Plaintiff in one of the Underlying Actions.

9.      Defendant Dashawn Dandridge is an Illinois citizen residing in Cook County, Illinois, and is a Plaintiff in one of the Underlying Actions.

10.      Defendant Tyshun London is an Illinois citizen residing in Cook County, Illinois, and is a Plaintiff in one of the Underlying Actions.

11.      Defendant Jon Joshua Bonner is an Illinois citizen residing in Cook County, Illinois, and is a Plaintiff in one of the Underlying Actions.

12.      Defendants Jovan Davison, John London, Dashawn Dandrige, Tyshun London, and Jon Joshua Bonner and referred to collectively as the "Underlying Plaintiffs".

## JURISDICTION AND VENUE

13.      This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.      This Court has power to grant the relief sought by Badger under 28 U.S.C. § 2201.

15.      Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

16.     On October 23, 2023, Defendant Jovan Davison filed Case No. 2023-L-010749 against Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum in the Circuit Court for Cook County, Illinois.

17.     On October 7, 2024, Defendants John London, Dashawn Dandridge, and Tyshun London filed Case No. 2024-L-011150 against Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum in the Circuit Court for Cook County, Illinois.

18.     On October 7, 2025, Defendant Jon Joshua Bonner filed Case No. 2025-L-012495 against Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum in the Circuit Court for Cook County, IL.

19.     The Underlying Actions contain substantively similar allegations arising from alleged injuries suffered during an October 8, 2023 shooting outside of Blum, including causes of action for negligent security and violations of Illinois' Dram Shop Act.

20.     The Underlying Actions allege that Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum had a duty to keep the premises reasonably safe for their customers and to refrain from creating dangerous and unsafe conditions at the premises. That duty allegedly included hiring and correctly training the staff and security guards.

21.     The Underlying Actions further allege that Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum, *inter alia*, failed to provide adequate security at the entry, had an inadequate number of security on the premises with inadequate training, failed to have policies and procedures in place for removing persons creating a disturbance, failed to have proper crowd control on the premises and walkways, permitted the usage, sale, delivery, and consumption of

illegal drugs on and about the premises, and permitted and allowed drug dealers to sell and deliver illegal drugs,.

22.     The Underlying Actions further allege that Defendants Shy Blue Taco and Erie & Franklin served intoxicating liquors to several individuals who stayed on the premises and its adjacent areas while intoxicated, and that several fights broke out as a result of their intoxication.

23.     The Underlying Plaintiffs allege that they have suffered bodily injury as a direct and proximate result of the actions or inactions of Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum.

24.     The Underlying Plaintiffs each seek in excess of $50,000 from each Shy Blue Taco, Erie & Franklin, So Clutch, and Blum for each count asserted.

25.     Badger issued Policy No. 00764-85444 to Chasing Paper LLC DBA Blum Restaurant & Bar for the policy period of 6/18/23 to 6/18/24 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

26.     Defendant Blum is a named insured under the Policy.

27.     Defendant Shy Blue Taco is a named additional insured under the Policy only for liability arising out of the Blum premises while Blum leases or occupies those premises.

28.     Defendants Erie & Franklin and So Clutch are not named insureds or otherwise insureds as defined by the Policy. Erie & Franklin operated the Blum Restaurant & Bar and held a liquor license for Blum.

29.     Defendants Shy Blue Taco, Erie & Franklin, So Clutch, and Blum tendered the defense of the Underlying Action to Badger.

30.     Badger accepted the tenders and is providing a defense to Shy Blue Taco, Erie &
Franklin, So Clutch, and Blum in each of the Underlying Actions, subject to a complete reservation
of rights.

31.     The Policy was cancelled effective October 7, 2023 at 12:01 AM Standard Time,
prior to the October 8, 2023 incident alleged in the Underlying Actions.

32.     The Underlying Actions remain pending and discovery is ongoing.

33.     Badger now seeks declaratory judgment that the Policy does not provide coverage
for the claims asserted in the Underlying Actions and therefore, Badger has no duty to defend or
indemnify Defendants Shy Blue Taco, Erie & Franklin, So Clutch, or Blum against the claims
asserted in the Underlying Actions.

34.     An actual controversy has arisen and now exists concerning Badger's coverage
obligations under the Policy, which merits a determination of the rights of the parties by this Court
pursuant to 28 U.S.C. § 2201.

## **THE BADGER POLICY**

35.     The Policy contain a Commercial General Liability coverage form which provides
in relevant part as follows:

### **Commercial General Liability – Bodily Injury and Property Damage**

### **Definitions**

1. The words you and your mean the person, persons, or organization
named as the insured on the declarations.

***

11. Insured means:

***

c. you and all your members and managers, but only while acting within the scope of their duties, if shown on the declarations as a limited liability company;

## Principal Coverages

We provide insurance for the following coverages indicated by a specific limit or premium charge on the declarations:

\*\*\*

## Coverage L – Bodily Injury Liability [and] Property Damage Liability

We pay all sums which an insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies. The bodily injury or property damage must be caused by an occurrence which takes place in the coverage territory, and the bodily injury or property damage must occur during the policy period.

\*\*\*

## Coverage M – Medical Payments

1. We pay the medical expenses defined below for bodily injury caused by an accident:
   a. on premises you own or rent;
   b. on ways adjacent or next to premises you own or rent; or
   c. arising out of your operations.
2. We pay such expenses regardless of fault but only if:
   a. they arise out of an accident that occurred in the coverage territory and during the policy period; and
   b. they are incurred and reported within one year of the accident.
3. Medical expenses means the reasonable and necessary expenses for:
   a. medical, surgical, x-ray, and dental services, including prosthetic devices and eye glasses;
   b. ambulance, hospital, professional nursing, and funeral services; and
   c. first aid at the time of an accident.

\*\*\*

## Exclusions

We do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time, as, or after the excluded event.

Exclusions that Apply to Bodily Injury and Property Damage

7. We do not pay for bodily injury or property damage for which any insured may be held liable by reason of:

> a. causing or contributing to the intoxication of a person;
> b. the furnishing of alcoholic beverages to a person under the influence of alcohol or under the legal drinking age; or
> c. a law or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

This exclusion applies if you are in the business of manufacturing, distributing, selling, or serving alcoholic beverages.

***

The Policy's Liquor Liability coverage form provides in relevant part as follows:

**Section I – Liquor Liability Coverage**

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of injury to which this insurance applies if liability for such injury is imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages. We will have the right and duty to defend the insured against any suit seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for injury to which this insurance does not apply. We may, at our discretion, investigate any injury and settle any claim or suit that may result. But:

> (1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and

> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements, or after such limit of insurance has been tendered for settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS.

\*\*\*

2. Exclusions

This insurance does not apply to:

    a.  Expected or Intended Injury

        Injury expected or intended from the standpoint of the insured. This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

\*\*\*

    d.  Liquor License Not in Effect

        Injury arising out of any alcoholic beverage sold, served, or furnished while any required license is suspended or after such license expires, is cancelled or revoked.

\*\*\*

## FIRST CLAIM

36.    Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

37.    The Policy is a contract and is controlled and limited by the terms, conditions, exclusions, definitions, and limitations, which speak for themselves.

38.    Badger therefore has no duty to defend or indemnify any Defendant against the claims asserted in the Underlying Actions.

## SECOND CLAIM

39.    Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

40.     The Policy was cancelled effective October 7, 2023 at 12:01 AM, prior to the October 8, 2023 incident alleged in the Underlying Actions.

41.     The Underlying Actions allege injuries arising from events that occurred after the cancellation of the Policy,

42.     Therefore, the Policy does not provide coverage for the claims asserted in the Underlying Actions, and Badger has no duty to defend or indemnify any Defendant against the claims asserted in the Underlying Actions.

### THIRD CLAIM

43.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

44.     The Policy provides coverage only for "insureds", as defined by the Policy.

45.     The Policy defines an "insured" as the named limited liability company and all its members and managers, but only while acting within the scope of their duties.

46.     Defendant Erie & Franklin is not a named insured nor otherwise an insured as defined by the Policy.

47.     Defendant So Clutch is not a named insured nor otherwise an insured as defined by the Policy.

48.     Therefore, the Policy does not provide coverage for Erie & Franklin or So Clutch for the claims asserted in the Underlying Actions, and Badger has no duty to defend or indemnify Erie & Franklin or So Clutch against the claims asserted in the Underlying Actions.

### FOURTH CLAIM

49.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

50.     The Policy provides coverage only for "insureds", as defined by the Policy.

51.     The Policy's Additional Insured – Landlord endorsement includes Defendant Shy Blue Taco as an additional insured, but only for liability arising out of the Blum premises and only while Blum leases or occupies those premises.

52.     To the extent any damages claimed by the Underlying Plaintiffs are attributed to causes other than liability arising out of the Blum premises, the Policy does not provide coverage to Shy Blue Taco for the claims asserted in the Underlying Actions, and Badger therefore has no duty to defend or indemnify Shy Blue Taco against the claims asserted in the Underlying Actions.

## FIFTH CLAIM

53.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

54.     The Policy contains an Alcohol exclusion, which precludes coverage for "bodily injury" or "personal injury" when the injury arises from the insured's liability by reason or causing or contributing to the intoxication of a person, the furnishing of alcoholic beverages to a person under the influence of alcohol or under the legal drinking age; or a law or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

55.     The Underlying Actions allege that Shy Blue Taco and Erie & Franklin violated the Illinois Dram Shop Act by serving intoxicating liquors to individuals who stayed on the premises and in adjacent areas while intoxicated, resulting in fights breaking out that were settled with handguns and resulting in Plaintiffs' injuries.

56.     To the extent the Underlying Plaintiffs allege "bodily injury" or "personal injury" arising from the insured's liability by reason of causing or contributing to the intoxication of a person, the furnishing of alcoholic beverages to a person under the influence of alcohol or under

the legal drinking age, or a law or regulation relating to the sale, gift, distribution, or use of alcoholic beverages, there is no coverage pursuant to the Policy's Alcohol exclusion and Badger therefore has no duty to defend or indemnify Defendants Shy Blue Taco or Erie & Franklin against the claims asserted in the Underlying Actions.

## SIXTH CLAIM

57.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

58.     The Commercial General Liability – Liquor Liability coverage form of the Policy provide coverage only for injuries arising out of liability imposed on the insured by reason for the selling, serving, or furnishing of alcoholic beverages.

59.     To the extent the Underlying Plaintiffs do not allege injuries arising out of liability imposed on Shy Blue Taco, Erie & Franklin, So Clutch, or Blum by reason for the selling, serving, or furnishing of alcoholic beverages, there is no coverage under the Commercial General Liability – Liquor Liability coverage form of the Policy and Badger therefore does not have a duty to defend or indemnify any Defendant against the claims asserted in the Underlying Action.

## SEVENTH CLAIM

60.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

61.     The Commercial General Liability – Liquor Liability coverage form of the Policy contains an Expected or Intended Acts exclusion, which precludes coverage for "bodily injury" expected or intended from the standpoint of the insured.

62.     To the extent "bodily injury" that was expected or intended by Shy Blue Taco, Erie & Franklin, So Clutch, and Blum has been alleged in the Underlying Action, there is no coverage

pursuant to the Policy's Expected or Intended Acts exclusion and Badger therefore has no duty to defend or indemnify any Defendant against the claims asserted in the Underlying Actions.

**EIGHTH CLAIM**

63.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

64.     The Commercial General Liability – Liquor Liability coverage form of the Policy contains a Liquor License Not in Effect exclusion, which preludes coverage for injury arising out of any alcoholic beverage sold, served, or furnished while any required license is suspended or after such license expires, is cancelled or revoked.

65.     To the extent Underlying Plaintiffs allege injury arising out of any alcoholic beverage sold, served, or furnished while any required license is suspended or after such license expires, is cancelled or revoked, coverage is precluded by the Liquor License Not in Effect exclusion and Badger therefore has no duty to defend or indemnify any Defendant against the claims asserted in the Underlying Actions.

**NINTH CLAIM**

66.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

67.     The Commercial General Liability – Liquor Liability coverage form of the Policy contains a Limitation of Coverage to Insured Premises endorsement.

68.     The Limitation of Coverage to Insured Premises endorsement provides that the coverage under the Liquor Liability coverage form applies only to damages arising out of the insured premises.

69.     To the extent Underlying Plaintiffs allege injury arising out any premises other than the insured/Blum premises, coverage is precluded by the Limitation of Coverage to Insured Premises endorsement and Badger therefore has no duty to defend or indemnify any Defendant against the claims asserted in the Underlying Actions.

## TENTH CLAIM

70.     Badger realleges and incorporates by reference Paragraphs 1-35 of its Complaint for Declaratory Judgment.

71.     The Policy contains a Liability Coverage – Designated Premises endorsement.

72.     The Designated Premises endorsement precludes coverage for "bodily injury" or "personal injury" that arises out of the ownership, maintenance, or use of the premises other than that described in the Policy's declarations.

73.     The Designated Premises endorsement further precludes coverage for "bodily injury" or "personal injury" that arises out of operations that are necessary or incidental to the ownership, maintenance, or use of premises other than that described in the Policy's declarations.

74.     To the extent the Underlying Plaintiffs allege "bodily injury" or "personal injury" that arises out of the ownership, maintenance, or use of the premises other than the Blum premises, or that arises out of operations that are necessary or incidental to the ownership, maintenance, or use of premises other than the Blum premises, coverage is precluded by the Policy's Liability Coverage – Designated Premises endorsement and Badger therefore has no duty to defend or indemnify any Defendant against the claims asserted in the Underlying Actions.

14

WHEREFORE, Badger respectfully requests that this Court grant the following relief in its favor:

A.      Declare the Policy do not provide coverage for the claims asserted in the Underlying Actions and therefore, Badger has no duty to defend or indemnify Defendants Shy Blue Taco LLC, Erie & Franklin Corp., So Clutch Group LLC, or Chasing Paper, LLC in the Underlying Actions;

B.      Award Badger its costs, disbursements, and fees as permitted by law; and

C.      Grant such other and further relief as the Court deems just and equitable.


Dated this 26th day of January, 2026.

Respectfully submitted,

**BADGER MUTUAL INSURANCE COMPANY,**
Plaintiff


By:  *s/ Jason R. Fathallah*
          Jason R. Fathallah
          Amy J. Smith
          HUSCH BLACKWELL LLP
          511 N Broadway, Suite 1100
          Milwaukee, Wisconsin 53202
          Phone: (414) 273-2100
          Facsimile: (414) 223-5000
          Email: jason.fathallah@huschblackwell.com
                    amy.smith@huschblackwell.com